[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12693
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20727-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ALI BRYANT, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 4, 2016)

Before WILSON, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Michael Ali Bryant, Sr. appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction.  Bryant seeks a reduction under Amendment 782 to the Sentencing Guidelines.  The district court held that Bryant is ineligible for relief under Amendment 782 because he was originally sentenced as a career offender pursuant to U.S.S.G. § 4B1.1.  On appeal, Bryant argues that he was sentenced under U.S.S.G. § 2D1.1—not § 4B1.1—and therefore the district court erred.  Alternatively, he asserts that he is eligible for a reduction based on Amendment 782 because he was erroneously sentenced as a career offender.  Both arguments fail.

First, the original sentencing court clearly sentenced Bryant pursuant to § 4B1.1.  During his sentencing hearing, Bryant admitted—and the court acknowledged—that § 4B1.1 governed his sentence.  Moreover, the court adopted the guidelines calculations from Bryant's Presentence Investigation Report, and those calculations were explicitly based on § 4B1.1.

Second, under the present procedural posture, Bryant cannot challenge the sentencing court's decision to sentence him as a career offender.  Section 3582(c)(2) only "permits a sentence reduction within the narrow bounds established by" the Sentencing Commission.  *See Dillon v. United States*, 560 U.S. 817, 831, 130 S. Ct. 2683, 2694 (2010).  "In making [a § 3582(c)(2)] determination, the court shall substitute only the amendments . . . for the

2

corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected*." U.S.S.G. § 1B1.10(b)(1) (emphasis added).  Amendment 782 does not have any bearing on the guidelines' career offender provisions.  *See* U.S.S.G. App. C, amend. 782.  Thus, the sentencing court's career offender decision is "outside the scope of the proceeding authorized by § 3582(c)(2)."  *See Dillon*, 560 U.S. at 831, 130 S. Ct. at 2694.

**AFFIRMED.**